**Affirm; Opinion Filed October 8, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-20-00249-CR
_____

**JAMES GAVIN OVERLOON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-00354-U**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

James Gavin Overloon appeals his conviction for sexual assault. In thirteen issues, appellant argues the trial court erred by finding each of the State's allegations true in its motion for revocation of community supervision and adjudication of guilt and abused its discretion by revoking his community supervision. We affirm the trial court's judgment. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On May 30, 2019, appellant waived his right to a jury trial and plead guilty to the offense of sexual assault. The judge found the evidence sufficient to prove the

offense charged, deferred adjudication, and placed appellant on community supervision for ten years. In August 2019, the State filed, and later that month removed, its first motion to revoke community supervision and to proceed with adjudication of guilt. In January 2020, the State filed its second motion to revoke community supervision and to proceed with adjudication of guilt. The following month, the trial court conducted a hearing on the State's motion. At the end of the hearing, the judge ruled that appellant had violated numerous conditions of his community supervision, granted the State's motion, and assessed punishment at nineteen years' confinement. Appellant filed a motion for new trial, which was denied, and then his notice of appeal.

## DISCUSSION

The State's burden of proof at a revocation hearing is to show by a preponderance of the evidence that a defendant violated the terms of his community supervision, meaning that the greater weight of the credible evidence must create a reasonable belief that the defendant has violated a condition of his probation. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Proof of any one violation is sufficient to support revocation. *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). If the trial court determines the State's allegations are true and that sufficient evidence supports that determination, the court has discretion to continue, modify, or revoke community supervision. *See id.* If the

State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *See id.*

In his eleventh issue, appellant urges the evidence was insufficient to support the trial court's finding as true the State's allegation that he failed to adhere to curfew hours. The conditions of appellant's community supervision required him to remain in his place of residence from 10:00 p.m. to 6:00 a.m. each day of the week. At the hearing on the State's motion to revoke, appellant's community supervision officer testified that on November 30, 2019, appellant left the officer a voicemail at 2:00 a.m. stating he "was out late doing some shopping." We conclude this evidence supports the trial court's finding appellant failed to adhere to curfew hours.[1] Because we conclude the evidence is sufficient to support this one violation, we may affirm the trial court's judgment without addressing appellant's remaining issues. *See Dansby v. State*, 468 S.W.3d at 231. There are, of course, many others, consideration of which we pretermit. *See* TEX. R. APP. P. 47.1.

---

[1] Even if appellant were shopping online from his residence, such evidence would support another of the State's allegations, which was that appellant accessed the internet in violation of the conditions of his community supervision. Appellant challenged that finding in his tenth issue on appeal.

–3–

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
200249F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JAMES GAVIN OVERLOON, Appellant

No. 05-20-00249-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-00354-U. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of October, 2021.